UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHARLES GARDNER,

    Petitioner,                                                Civil Action No. 3:14-CV-1440

vs.                                                            HON. BERNARD A. FRIEDMAN

ERIC QUALLS,

    Respondent.
_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on a petition for a writ of habeas corpus [docket entry 1]. Magistrate Judge Barbara D. Holmes has submitted an extremely thorough Report and Recommendation ("R & R") in which she recommends that the Court dismiss the petition. On April 28, 2017, petitioner filed four objections, which the Court now considers.

Under Fed. R. Civ. P. 72(b)(3), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." The Court has reviewed petitioner's four objections to the R & R and finds that petitioner has failed to show that Magistrate Holmes erred in any way. Because petitioner did not object to Magistrate Holmes's statement of facts, the Court adopts and relies on them. Taking the objections in turn:

*Objection 1.* Magistrate Holmes recommends that the Court find that petitioner received his file in August 2010, filed his coram norbis petition in February 2011 (which everyone agrees tolled the period of limitations), received the Court's decision on his coram norbis petition in August 2013, and filed the instant petition in July 2014. Excluding the two and a half years during which his coram norbis petition was decided, petitioner filed his petition sixteen months

after receiving his criminal case file—that is, four months past the deadline in 28 U.S.C. § 2244(d)(1)(D).

Petitioner's sole objection here is that the period of limitations should not begin running when he received his file because it took him "months" to read it. Rather, he argues, the period of limitations should begin on the day he filed his coram norbis petition, six months later.

The Court recognizes the merit in petitioner's argument, but denies his objection for three reasons. First, petitioner fails to show how large his criminal file was, so it is impossible to discern whether it would really have taken him six months to read it. Second, while the Court might consider a request that the period of limitations be tolled a week or two because petitioner needed to read a file reasonable, a request that it be tolled for six months seems patently unreasonable. Third, even if it did take him months to read his file, he certainly discovered the pertinent evidence well before he filed his coram norbis petition, because that petition relied on the evidence; it makes no sense to toll the period of limitations until the date of filing.

*Objection 2.* Like Objection 1, this objection is to Magistrate Judge Holmes's recommendation that the Court not toll the period of limitations between August 2010 and February 2011. Petitioner requests that the Court equitably toll the period of limitations because the state allegedly suppressed exculpatory evidence, and because petitioner was an inmate, poor, relatively uneducated, and had limited access to legal and research materials.

None of these proffered reasons warrants equitable tolling. First, petitioner argues that he is entitled to relief because the state wrongfully failed to disclose exculpatory evidence of a second shooter and fourth bullet. The Court finds the exculpatory evidence argument unpersuasive; the second shooter used a .45 caliber handgun and the fourth bullet was a .45 caliber bullet, while Wright was killed by multiple .38 caliber bullets. Moreover, one witness identified

petitioner as the shooter and another identified him as standing over the victim after shots were fired. To successfully pursue a *Brady* claim, petitioner must show a probability that the undisclosed evidence would have produced a different verdict. Here, there is overwhelming evidence that petitioner committed the crime, and the undisclosed evidence is not compelling. Consequently, there is no viable exculpatory challenge here. Second, the Sixth Circuit has repeatedly found that petitioner's other reasons do not warrant equitable tolling.

*Objection 3.* Petitioner objects to Magistrate Judge Holmes's finding that petitioner has not demonstrated that a manifest injustice will occur if his claims are not reviewed. Petitioner argues that the witness statement and ballistics report he uncovered undermine the state's theory of the crime and present a "colorable showing of actual innocence." Pet'r's Objs. p. 4. Consequently, petitioner argues, the "Court should address the merits of" the "claims to avoid a manifest injustice." *Id.* at 5. The Court denies this objection because Magistrate Holmes, after concluding that the petition was untimely, did address each claim on the merits.

*Objection 4.* This is a "catchall" objection. Petitioner argues that he is entitled to relief because the state failed to disclose its evidence of a second shooter and fourth bullet. Petitioner contends that this evidence might have given the jurors a reasonable doubt as to his guilt. For the reasons articulated in rejecting Objection 2, the Court is not persuaded by petitioner's second-shooter and fourth-bullet arguments.

Accordingly,

IT IS ORDERED that Magistrate Judge Holmes's R & R is accepted and adopted as the findings and conclusions of this Court.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus is denied and this action dismissed.

                                                                       s/Bernard A. Friedman
                                                                       BERNARD A. FRIEDMAN
                                                                        SENIOR UNITED STATES DISTRICT JUDGE
                                                                        SITTING BY SPECIAL DESIGNATION

Dated: May 15, 2017
       Detroit, Michigan